**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NEHRU DAWSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 15 C 4321** |
| **v.** | ) | |
| | ) | **Magistrate Judge Finnegan** |
| **Chicago Police Officer W. CARTER,** | ) | |
| **Star #18489, Chicago Police Officer** | ) | |
| **J. COUCH, Star #12716, Chicago** | ) | |
| **Police Officer R. COLLINS, Star** | ) | |
| **#13010, Chicago Police Officer J.** | ) | |
| **CASCONE, Star #1488, Chicago** | ) | |
| **Police Officer L. WILLIAMS, Star** | ) | |
| **#18542, Chicago Police Officer J.** | ) | |
| **ALI, Star # 8411, Chicago Police** | ) | |
| **Officer S. VANTHOF, Star #1433,** | ) | |
| **Chicago Police Officer R. HERRERA,** | ) | |
| **Star # 9994, Chicago Police Officer** | ) | |
| **S. ESTES, Star #7316, and THE CITY** | ) | |
| **OF CHICAGO, a Municipal** | ) | |
| **Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff Nehru Dawson has filed suit against the City of Chicago and nine

Chicago police officers alleging that they violated his constitutional rights during the

course of a traffic stop.  The City of Chicago has answered the amended complaint, as

have the two officers who pulled Plaintiff over and arrested him, Raymundo Herrera and

Samantha Estes.  (Doc. 24).  The remaining seven officers, W. Carter, J. Couch, R.

Collins, J. Cascone, L. Williams, J. Ali, and S. Vanthof (the "Moving Officers"), all seek

dismissal under Federal Rule 12(b)(6) for failure to allege that they were personally

involved in the events giving rise to this lawsuit. For the reasons set forth here, the motion is granted.

## BACKGROUND

The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). In reviewing the Moving Officers' motion to dismiss, this Court accepts the Amended Complaint's well-pleaded factual allegations as true and "construe[s] all inferences in favor of the plaintiff." *Gessert v. United States*, 703 F.3d 1028, 1033 (7th Cir. 2013).

### A. Plaintiff's Arrest, Detention, and Release

On May 17, 2014, Plaintiff was driving his motor vehicle near 114th Place and Indiana Avenue in Chicago when Officers Herrera and Estes pulled him over for a traffic stop. (Doc. 18 ¶¶ 8-9). According to the amended complaint, Herrera and Estes "blocked Plaintiff's car with their squad cars, drew their weapons, and drew Plaintiff out of his vehicle." (*Id.* ¶ 9). At that point, the officers searched both Plaintiff and the vehicle and found he was "carrying a licensed handgun properly secured in a locked box." (*Id.* ¶ 10). With their weapons still drawn, Herrera and Estes allegedly used force to seize Plaintiff and his handgun, and then transported him to the City of Chicago's 5th District Police Station. (*Id.* ¶¶ 11-14, 16). There, Plaintiff was arrested and charged with unlawful possession of a handgun and unlawful use of a weapon. (*Id.* ¶ 16).

Plaintiff alleges that after he was processed in the 5th District, "the Chicago Police Department caused [him] to be transferred to Cook County Jail where he was imprisoned by the Cook County Sheriff's Police for five days." (*Id.* ¶ 17). Plaintiff says that during that period, he informed unidentified "Defendants" that he suffered from a

heart condition and needed to take aspirin every day, but "Defendants" ignored his multiple requests and "refused" to provide the medication. (*Id.* ¶ 19). On May 23, 2014, the Cook County Circuit Court dismissed the charges against Plaintiff in what he describes as "a manner indicating there was no probable cause." (*Id.* ¶¶ 20, 21).

## B.    Plaintiff's Lawsuit

On May 15, 2015, Plaintiff filed this lawsuit claiming that he "sustained injuries to his person as well as humiliation and indignities," and "suffered great mental and emotional pain and suffering" as a result of Defendants' actions. (*Id.* ¶ 22). Count I charges all Defendants with unlawful search, unlawful seizure, excessive force, false arrest, false imprisonment and failure to intervene in violation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights. 42 U.S.C. § 1983. Count II asserts a state law claim for malicious prosecution against Officers Herrera and Estes, Count III charges all Defendants with a state law claim for intentional infliction of emotional distress, and Count IV seeks indemnification by the City.[1]

## DISCUSSION

## A.    Standard of Review

In evaluating the sufficiency of a complaint under Rule 12(b)(6), the Court must "construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the nonmoving party's] favor." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). "To survive a motion to dismiss, the plaintiff must do more in the complaint than simply recite elements of a claim; the 'complaint must contain sufficient factual matter, accepted as true, to state a claim to

---

[1]      Plaintiff initially sued Cook County, the Cook County Sheriff's Police Department, and Cook County Sheriff Thomas Dart, but he voluntarily dismissed these defendants without prejudice on November 6, 2015. (Doc. 11).

relief that is plausible on its face.'" *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *See also Bausch v. Stryker Corp.*, 630 F.3d 546, 558 (7th Cir. 2010). A complaint must also provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Reger Development, LLC v. National City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008)).

**B.    Analysis**

   **1.    Section 1983 Claims**

The Moving Officers argue that the Section 1983 claims against them must be dismissed because Plaintiff has not alleged that they were personally involved in the constitutional violations at issue in this lawsuit. The Seventh Circuit has made it clear that "§ 1983 liability is premised on the wrongdoer's personal responsibility." *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012). To state a claim under the statute, a plaintiff must allege that a defendant "caused or participated in an alleged constitutional deprivation." *Id.* (quoting *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). *See also Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) ("[P]ersonal involvement is a prerequisite for individual liability in a § 1983 action.").

Aside from the case caption, the only place the Moving Officers are mentioned by name in the amended complaint is paragraph 5, which simply states that they are employed by the Chicago Police Department and are being sued in their individual capacities. (Doc. 18 ¶ 5). Plaintiff does not allege that the Moving Officers were present at the scene of the traffic stop, or that they engaged in any specific conduct that deprived him of his constitutional rights. Instead, Plaintiff pleads in conclusory fashion that all "Defendants" are responsible for the unlawful search, seizure, use of excessive force, false arrest, false imprisonment and failure to intervene. (*Id.* ¶ 26; Doc. 29, at 4-5).[2] Such generic allegations of personal involvement are insufficient to state Section 1983 claims against the Moving Officers. *See, e.g., Brown v. Illinois Dep't of Public Aid*, 318 F. Supp. 2d 696, 700 (N.D. Ill. 2004) (dismissing Section 1983 claim where the plaintiff's allegations were "made generally against all defendants, failing to allege the 'element of personal involvement necessary to individual liability under § 1983.'").

Plaintiff stresses that he merely needs to provide the Moving Officers with "fair notice" of the claims against them, and insists that he must have done so since the City, Officer Herrera and Officer Estes were able to answer the amended complaint. (Doc. 29, at 5) (citing FED. R. CIV. P. 8(a)) (noting that "Defendant feels it has a basis to defend the claim for at least some of the named Defendants."). The Court disagrees. Plaintiff alleged that Officers Herrera and Estes personally engaged in very specific conduct, including pulling his vehicle over for a traffic stop, drawing their weapons, searching him, seizing his property, and using force to arrest him. (Doc. 18 ¶¶ 8-14). There are no similar allegations against the Moving Officers, who are left with no idea

_____

[2] For ease of reference, unless otherwise specified, page numbers for all briefs and exhibits are drawn from the CM/ECF docket entries at the top of the filed document.

as to what they purportedly did wrong in this case.  *See Marshall v. Buckley*, 644 F. Supp. 2d 1075, 1080 (N.D. Ill. 2009) (a plaintiff "must plead personal involvement of *each* Defendant to properly state a claim under Section 1983.") (emphasis added).

Plaintiff next relies on two documents attached to his response to the motion to dismiss as evidence that his pleadings are adequate.  The first is the Rule 26(a)(1) disclosures submitted by the City, Officer Herrera and Officer Estes, which names 6 of the 7 Moving Officers as participants in his "arrest, booking, fingerprinting, transport to holding facilities, and supervising officers at each facility."  (Doc. 29, at 4; Doc. 29-1, at 2) (stating that Officers Couch, Collins, Cascone, Williams, Ali and Carter may have information about Plaintiff's "arrest and lock-up, any and all interactions with the parties, and matters relating to the incident and alleged injuries that are the subject of this lawsuit.").  The second is Plaintiff's arrest report identifying all of the Moving Officers as persons who assisted in "processing" his arrest.  (*Id.*) (citing Doc. 29-2, at 5).

Since these documents are not attached to or referred to in the amended complaint, they are not properly considered on a motion to dismiss.  *See McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006).  To the extent Plaintiff believes the Moving Officers personally violated his constitutional rights in the course of processing his arrest, he must specifically allege so in his complaint and describe how it occurred. Simply stating that "there are multiple parties causing multiple infractions against Plaintiff's Constitutional rights" is insufficient to show that the Moving Officers were personally involved in the violations.  (Doc. 29, at 4).

Plaintiff must also do more than allege generally that the Moving Officers are responsible for any misconduct committed by Officers Herrera and Estes.  (Doc. 29, at

5) (stating that some of the Moving Officers may be liable because they "are responsible for the training and supervision of" Officers Herrera and Estes). The doctrine of respondeat superior does not apply to Section 1983 actions, and mere negligence in "failing to detect and prevent subordinate misconduct" does not suffice for personal involvement in a constitutional violation. *Ames v. Stigler*, No. 07 C 0430, 2009 WL 9097015, at *2 (N.D. Ill. Sept. 3, 2009) (citing *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Rather, the official must "know about, facilitate, approve, condone, or deliberately turn a blind eye to the unconstitutional conduct." *Burris v. Cullinan*, No. 09-3116, 2011 WL 3207205, at *5 (C.D. Ill. July 27, 2011) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). The amended complaint contains no such allegations relating to any of the Moving Officers.

For all these reasons, Plaintiff's amended complaint fails to state Section 1983 claims against the Moving Officers, and their motion to dismiss is granted.

## 2.     State Law Claims

None of the parties addresses the remaining state law claims against the Moving Officers for intentional infliction of emotional distress. Absent any viable Section 1983 claims against the Moving Officers, however, the Court declines to assert supplemental jurisdiction over them. *Lofton v. Eberle*, No. 14 C 898, 2015 WL 507472, at *5 (N.D. Ill. Feb. 5, 2015) (quoting *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999)) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). The claims against the Moving Officers for intentional infliction of emotional distress are dismissed.

## **CONCLUSION**

For the reasons stated above, the Motion to Dismiss Officers Carter, Couch, Collins, Cascone, Williams, Ali and Vanthof (Doc. 23) is granted without prejudice. Plaintiff has until August 26, 2016 to file a second amended complaint consistent with this opinion.

ENTER:

Dated: August 5, 2016

_____
SHEILA FINNEGAN
United States Magistrate Judge